UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIANNA JOPHLIN,

        Plaintiff,

  v.

NANCY A. BERRYHILL,

        Defendant.

Case No. 19-cv-565-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit states that she is employed, she is not married, ad she has no dependents to support. Dkt. No. 2 at 1. The plaintiff lists monthly wages of $120 and income of $1,200 from Hardees during the past twelve months. Id. at 2. The plaintiff has total monthly expenses of $333 ($200 rent, $71 electric, $20 phone, $12 Hulu, and $30

prescriptions). Id. at 2-3. The plaintiff does not own a car or a home, and she has $5 in a checking account and $5 in a savings account. Id. at 3. In the "Other Circumstances" section of the affidavit, the plaintiff states, "I live with my father and my step mother and they help support me." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she has severe mental impairments, and proceeded *pro se* before the Administrative Law Judge. Dkt. No. 1 at 1. The complaint then catalogs a long list of alleged problems with the ALJ's decision denying benefits, culminating in the statement that the ALJ's decision " is not supported by substantial evidence, it contains harmful errors of law, and the ALJ abused discretion," and that the plaintiff is disabled. Id. at 6. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's

appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**